UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

K. GREG PETERSON, doing business as LAW OFFICES OF K. GREG PETERSON, a sole proprietorship,

   Plaintiff,

  v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; STATE FARM FIRE & CASUALTY COMPANY, an Illinois corporation,

   Defendant.

CASE NO. CIV. S-05-1715 WBS KJM

<u>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS</u>

----oo0oo----

   Plaintiff K. Greg Peterson filed suit to obtain an order to compel defendants State Farm General Insurance Corporation ("SFGIC")) and State Farm Fire & Casualty Company ("SFFCC") to arbitrate his claims arising from an agreement for legal representation.  Defendants now move to dismiss this action based on lack of diversity jurisdiction.

///

1

I.   <u>Factual and Procedural Background</u>

Plaintiff, a licensed California attorney, represented defendants' policy holders in an investigation of a dry cleaning business undertaken by the California State Department of Toxic Substances Control ("DTSC"). (Compl. ¶ 1.) Pursuant to the representation agreement, entered into on July 6, 2001, the parties agreed that "any disagreement over fees (would be submitted) to arbitration as outlined in Civil Code section 2860." (<u>Id.</u> ¶¶ 1-2.)

Defendants' insureds, among others, were subsequently sued by DTSC for contributing to groundwater contamination. (<u>Id.</u> ¶¶ 4-4); <u>Dep't of Toxic Substances Control v. City of Chico</u>, No. CIV S-02-0442 (E.D. Cal. filed Feb. 28, 2002). Defendants again retained plaintiff to defend their policy holders in the aforementioned action. (Compl. ¶ 6.) Petitioner provided the necessary legal services "[u]p to and until substituting out of the Action on July 12, 2005." (<u>Id.</u> ¶ 7.)

Plaintiff sought to collect the attorneys' fees and costs incurred during his representation of defendants' clients. However, the parties disagreed over the legal expenses and, according to the complaint, defendants refused to arbitrate the controversy. (Compl. ¶¶ 10-11.) Consequently, plaintiff filed the instant action, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), in hopes of forcing defendants to arbitrate the matter. His motion to compel arbitration is still pending before this court.

The court's jurisdiction over this matter is, however, based on diversity jurisdiction, which defendants claim does not

exist.  Significantly, defendants argue that SFGIC is, like plaintiff, a citizen of California.

II.  Discussion

    A.  Legal Standard

When federal questions are not present,[1] federal district courts have jurisdiction in civil actions only if complete diversity of citizenship exists and the matter in controversy exceeds $75,000.  28 U.S.C. § 1332; see also Fed. R. Civ. P. 12(b)(1) (permitting litigants to move to dismiss an action for "lack of jurisdiction over the subject matter").  In other words, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2617 (2005) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).  The defendant can challenge jurisdiction based on the face of the complaint or through extrinsic evidence.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (" Rule 12(b)(1) jurisdictional attacks can be either facial or factual.").  In response to such a challenge, the plaintiff must demonstrate that

---

[1] Plaintiff's reference in his complaint to a federal statute, the FAA, does not present a federal question. Cf. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981) ("[A]pplicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. § 9, must demonstrate independent grounds of federal subject matter jurisdiction.  The provisions of 9 U.S.C. § 9 do not in themselves confer subject matter jurisdiction on a federal district court.").  Because plaintiff does not raise any other claims based on federal law, he must demonstrate that diversity exists in this case.

3

1 subject matter jurisdiction exists.  <u>See, e.g.</u>, <u>Tosco Corp. v.
2 Cmtys. for a Better Env't</u>, 236 F.3d 495, 499 (9th Cir. 2001).
3         An individual's state citizenship for the purpose of
4 diversity jurisdiction is determined by the state of his
5 domicile.  <u>Lew v. Moss</u>, 797 F.2d 747, 749-50 (9th Cir. 1986).
6 Meanwhile, a corporation is a citizen of <u>both</u> its state of
7 incorporation as well as the state of its principal place of
8 business.  28 U.S.C. § 1332(c)(1).
9     B.   <u>Discussion</u>
10        The parties do not dispute that plaintiff and his
11 business are citizens of California.  They also agree that both
12 SFGIC and SFFCC are incorporated in, and thus citizens of,
13 Illinois.  At issue here is the second component of SFGIC's
14 corporate citizenship: its principal place of business.
15        Courts employ one of two tests to determine a
16 corporation's principal place of business: (1) the place of
17 operations test and (2) the nerve center test.  <u>Indus. Tectonics,
18 Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990).  In the
19 Ninth Circuit, the place of operations test is preferred,
20 provided that a court can first identify a state where a
21 "substantial predominance" of the corporation's business
22 activities take place.  <u>Tosco Corp.</u>, 236 F.3d at 500; <u>Indus.
23 Tectonics</u>, 912 F.2d at 1093.  "Substantial predominance" is
24 established when "the amount of [the] corporation's business
25 activity in one state [is] significantly larger than any other
26 state in which the corporation conducts business."  <u>Tosco Corp.</u>,
27 236 F.3d at 500.  Relevant to the substantial predominance
28 inquiry are "the location of employees, tangible property, and

4

production activities" as well as "the locations where income is earned, purchases are made, and sales take place." <u>Indus. Tectonics</u>, 912 F.2d at 1094. "[I]f the corporation's activities are not predominant in a single state, then the principal place of business is where the majority of its executive and administrative functions are performed." <u>United Computer Sys., Inc. v. AT & T Corp.</u>, 298 F.3d 756, 763 (9th Cir. 2002); <u>Indus. Tectonics</u>, 912 F.2d at 1092 (defining the nerve center test).

Defendants have presented evidence that a majority of SFGIC's operations take place in California. Summarizing this evidence in their brief, they point out that "[SFGIC] receives 99% of its premiums from California and pays 97% of its claims/losses in California . . . ." (Defs.' Mot. to Dismiss 1 (citing Hill Decl.).) Defendants add that "premiums written in no other state exceed 1% of the company's revenues" and that "[n]o other state has more than 2% of direct losses paid." (<u>Id.</u> at 2.)

Additionally, Judge Jenkins of the Northern District of California has previously held, in an unrelated action, that SFGIC's principal place of business is in California. <u>State Farm Mutual Automobile Ins. Co. v. Pyorre</u>, No. Civ 99-4668, 1999 WL 1244141 (N.D. Cal. Dec. 17, 1999). In light of defendants' evidence and the <u>Pyorre</u> decision, both of which support defendants' position, this court allowed for further discovery related to disputed jurisdictional matters in order dated October 27, 2005. In that order, this court also requested that the parties address <u>Pyorre</u> in their upcoming opposition and reply briefs responding to the instant motion to dismiss.

1    Plaintiff instead elected to file a statement of non-
2 opposition and requests that dismissal be without prejudice.  The
3 court notes that, after defendants presented evidence that
4 SFGIC's principal place of business is in California, the burden
5 here was on plaintiff to present evidence that defendant SFGIC's
6 principal place of business is somewhere other than California.
7 Thus, because plaintiff has not met defendants' jurisdictional
8 challenge, dismissal of this action without prejudice is proper.
9 Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir.
10 1999) ("[W]here a court lacks subject matter jurisdiction, it
11 also lacks the power to dismiss with prejudice.").

12    IT IS THEREFORE ORDERED that defendants' motion to
13 dismiss for lack of subject matter jurisdiction be, and the same
14 hereby is, GRANTED, and this action is hereby DISMISSED WITHOUT
15 PREJUDICE.

16 DATED:  January 19, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6